# Exhibit B-2

# NC CAPITAL CORPORATION℠
A NEW CENTURY COMPANY

18400 VON KARMAN, SUITE 1000, IRVINE, CA 92612   (949) 440-7030   FAX (949) 440-7033

February 1, 2005

Credit Suisse First Boston LLC
Eleven Madison Avenue, 4th Floor
New York, New York 10010

Asset Backed Securities Corporation
Eleven Madison Avenue
New York, New York 10010

DLJ Mortgage Capital, Inc.
Eleven Madison Avenue
New York, New York 10010

  Re: Asset Backed Securities Corporation,
     Asset Backed Pass-Through Certificates, Series 2005-HE1

Ladies and Gentlemen:

  Reference is hereby made to the following information provided to you by NC Capital Corporation ("New Century"): (i) the information contained under the caption "The Originators - New Century Mortgage Corporation" in the prospectus supplement dated on or about February 1, 2005 (the "Prospectus Supplement") relating to the above-referenced transaction; and (ii) the computer data file of data for the New Century Mortgage Loans provided to Asset Backed Securities Corporation by New Century in connection with the Prospectus Supplement (collectively, the "New Century Information"). Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Pooling and Servicing Agreement, dated as of February 1, 2005, among DLJ Mortgage Capital, Inc., as seller, Asset Backed Securities Corporation, as depositor, U.S. Bank National Association, as trustee and Saxon Mortgage Services, Inc., as servicer.

  In respect of consideration received under the Mortgage Loan Purchase Agreement dated as of December 29, 2004, among NC Capital Corporation, New Century Mortgage Corporation (an affiliate of New Century) and DLJ Mortgage Capital, Inc. in connection with the above referenced transaction, we agree to indemnify and hold harmless you and your officers and directors, and each person, if any, who controls you within the meaning of Section 15 of the Securities Act of 1933, as amended (the "Act") (a "Controlling Person"), against any losses, claims, damages, liabilities or expenses (including the reasonable cost of investigating and defending against any claims therefor and reasonable counsel fees incurred in connection therewith, except as otherwise provided herein), which may be based upon the Act, or any other statute or at common law, on the ground or alleged ground that the New Century Information contained an untrue statement of a material fact or omitted a material fact necessary to make the statements therein, in the light of the circumstances under which they were made, not misleading; provided that in no case is New Century to be liable with respect to any claims made against you or any Controlling Person unless you or a Controlling Person shall have notified



New Century in writing, giving notice of the nature of the claim, within a reasonable time after service of a summons or other first legal process that shall have been served upon you or a Controlling Person, but failure to notify New Century of any such claim shall not relieve New Century from any liability which it may have to you or any Controlling Person otherwise than on account of the indemnity agreement contained in this paragraph.

New Century will be entitled to participate at its own expense in the defense, or, if New Century so elects, to assume the defense of any suit brought to enforce any such liability, but, if New Century elects to assume the defense, such defense shall be conducted by counsel chosen by it. In the event New Century elects to assume the defense of any such suit and retain such counsel, you or a Controlling Person or persons, defendant or defendants in the suit, may retain additional counsel but shall bear the fees and expenses of such counsel unless (i) New Century and you or a Controlling Person shall have mutually agreed to the retention of such counsel or (ii) the named parties to any such proceeding (including any impleaded parties) include both New Century and you or a Controlling Person and representation of both parties by the same counsel would be inappropriate due to actual or potential differing interests between them. Except as otherwise set forth herein, it is understood that New Century shall not, in connection with any proceeding or related proceedings in the same jurisdiction, be liable for the fees and expenses of more than one counsel for you and a Controlling Person requesting indemnification and that all such fees and expenses shall be reimbursed as they are incurred.

New Century shall not be liable to indemnify any person for any settlement of any claim effected without New Century's consent, which consent shall not be unreasonably withheld. New Century shall not, without the prior written consent of you or a Controlling Person, which consent shall not be unreasonably withheld, effect any settlement of any pending or threatened proceeding in respect of which you or a Controlling Person is or could have been a party and indemnity is or could have been sought hereunder by you or a Controlling Person.

If the indemnification provided for in this letter is insufficient or unavailable to you or a Controlling Person in respect of any losses, claims, damages, liabilities or judgments referred to herein, then New Century, in lieu of indemnifying you or a Controlling Person, shall contribute to the amount paid or payable by you or a Controlling Person as a result of such losses, claims, damages, liabilities and expenses in such proportion as is appropriate to reflect the relative fault of New Century on the one hand and you or a Controlling Person on the other hand as well as any other relevant equitable considerations.



Very truly yours,
NC CAPITAL CORPORATION

By: _____
Name: Kevin Cloyd
Title: President