# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
### ATTORNEYS AT LAW
### NEW YORK • CALIFORNIA • LOUISIANA

DAVID STICKNEY
davids@blbglaw.com
858-720-3182

December 7, 2010

<u>By ECF</u>

The Honorable Judith G. Dein
United States District Court
District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way — Suite 6420
Boston, MA 02210

Re:   *Cambridge Place Investment Management Inc. v. Morgan Stanley & Co., Inc., et al.*
      Case No. 1:10-cv-11376-NMG

Dear Judge Dein:

We represent the plaintiff, Cambridge Place Investment Management Inc., in the above-captioned action. This letter responds to the Barclays Defendants' December 3, 2010 letter to the Court, submitting an unpublished order from the Northern District of Illinois as "supplemental authority" to defendants' position on the pending motions.[1]  As explained below, the order is neither relevant nor persuasive, and it was issued *sua sponte* without the benefit of argument from the parties in that case.

By way of background, the Federal Home Loan Bank of Chicago ("FHLB Chicago") filed a complaint in Illinois state court, arising from FHLB Chicago's purchases of certain mortgage-backed securities. On November 23, 2010, defendants removed the action to the United States District Court for the Northern District of Illinois, citing three grounds for removal:  (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) based on the existence of complete diversity of the named parties; (2) original jurisdiction over the matter pursuant to 12 U.S.C. § 1432(a) based on FHLB Chicago's status as a federally-chartered corporation; and (3)

---

[1]   The pending motions are (1) Plaintiff's Motion to Remand This Action to Massachusetts State Court [ECF No. 133] and (2) Defendants' Joint Motion Pursuant to Fed. R. Civ. P. 26(b)(1) and 6(b) for Leave to Take Jurisdictional Discovery and to Extend Briefing on Plaintiff's Motion to Remand [ECF No. 158]. The November 29, 2010 Order by Judge Milton I. Shadur (attached as Exhibit A to the Barclays Defendants' letter) provides no relevant or compelling supplemental authority in this action.



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Honorable Judith G. Dein
December 7, 2010
Page 2

original jurisdiction over the matter based on "related to" bankruptcy jurisdiction pursuant to 28 U.S.C. § 1452(a). The primary grounds for removal in the FHLB Chicago action – complete diversity amongst the named parties and jurisdiction based on FHLB Chicago's federal charter – are not at issue in this action. Following issuance of the November 29 order, Judge Shadur conducted a status hearing and was informed that the plaintiff intended to move to remand. FHLB Chicago will file its motion to remand on December 17, 2010.

In light of the foregoing, the order does not support defendants' opposition to Plaintiff's Motion to Remand. Indeed, Judge Shadur notes that, although the defendants' argument for removal in that case initially "appeared to pose no problem," this was a "preliminary assumption" and further examination and briefing "may teach otherwise." Order at 1.

The order also says nothing to support defendants' motion for jurisdictional discovery. While Judge Shadur issued a ruling, *sua sponte,* that the claims in that case should proceed "through multiple lawsuits" (Order at 2-3), such initial ruling was based on a completely different complaint, and does not support defendants' motion for jurisdictional discovery in this case. As explained in Plaintiff's opposition brief and at argument on November 15, 2010, joinder is irrelevant to defendants' motion because (1) they do not assert that a defendant-by-defendant analysis would create diversity jurisdiction; (2) they seek no jurisdictional discovery related to their misjoinder contention; and (3) neither the First Circuit nor any Massachusetts district court has adopted defendants' theory of procedural misjoinder.[2]

Moreover, the Massachusetts Superior Court can readily address any objection to joinder as a routine case management issue if the action is remanded, or this Court can address the issue if the action is not remanded. The fact remains that all of the defendants in this case were properly joined, and if brought in separate complaints, the separate actions likely would be consolidated under Massachusetts Civil Procedure Rule 42 for purposes of sound case management. This case is based on a similar course of conduct by all defendants, each of which made substantially identical misrepresentations and omissions to Plaintiff about their own due diligence in acquiring and securitizing mortgages and about the underlying mortgage loan originators' underwriting and appraisal standards.

---

[2] *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Leave to Take Jurisdictional Discovery [ECF No. 183], at 16-18.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Honorable Judith G. Dein
December 7, 2010
Page 3

  In short, the order says nothing about remand, the basis for federal court jurisdiction, jurisdictional discovery or any other issue properly before the Court.

  Thank you for your attention.

                Respectfully submitted,

                David R. Stickney

cc:  Counsel of Record (by ECF)

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served via the Court's Electronic Filing System, the attached Plaintiff's Response to the Barclays' Defendants Notice of Supplemental Authority upon the registered participants as identified on the Notice of Electronic Filing and paper copies sent via U.S. first class mail to those indicated as non-registered participants.

                                                    /s/ David R. Stickney
                                                      David R. Stickney