```
                    United States District Court
                      District of Massachusetts
_____
                                   )
CAMBRIDGE PLACE INVESTMENT         )
MANAGEMENT, INC.,                  )
        Plaintiff,                 )
                                   )    Civil Action No.
        v.                         )    10-11376-NMG
                                   )
MORGAN STANLEY & CO., INC., et     )
al.,                               )
        Defendants.                )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Cambridge Place Investment Management, Inc. ("CPIM") brings suit against numerous investment firms, underwriters and dealers who sold mortgage-backed securities (collectively the "Wall Street Bank defendants") and those who purchased or acquired mortgage loans, securitized them and were the issuers of the securities sold by the Wall Street Bank defendants (collectively the "Depositor defendants") for alleged violations of the Massachusetts Uniform Securities Act, Mass. Gen. Laws ch. 110A, § 410.

I.  **Background**

In August, 2010, defendants removed the action to federal court and CPIM moved to remand the action to state court the following month. In October, 2010, defendants moved to take jurisdictional discovery which plaintiff opposed. The motions

were referred to Chief Magistrate Judge Judith G. Dein, who issued 1) a Report and Recommendation ("Diversity R&R") recommending that defendants' motion to take discovery be denied and 2) a Report and Recommendation ("Remand R&R") recommending that plaintiff's motion to remand be allowed on the basis of abstention. Defendants have filed objections to both R&Rs to which plaintiff has responded.

## II. Analysis

### A. Diversity R&R

In its broad discretion, the Court may allow jurisdictional discovery where the moving party has made a "colorable claim" of jurisdiction. See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 625-27 (1st Cir. 2001). The Court must examine and disregard an assignment "if it be found to have been made principally to defeat removal." JMTR Enters., LLC v. Duchin, 42 F. Supp. 2d 87, 92 (D. Mass. 1999) (quotations omitted). Whether an assignment was collusively made "is to be resolved as a simple question of fact." Id. (quotations and citations omitted). Factors to be considered in determining whether an assignment is collusive include: 1) a partial rather than total assignment, 2) lack of consideration paid by the assignee to assignor, 3) the plaintiff's motive was to stay in state court, 4) the assignee had no interest in the litigation before the assignment and 5) the assignment was made shortly before the suit was filed. Id.

Having considered the extensive and thorough briefing on the issue, the Court finds that the defendants have stated a "colorable claim" of jurisdiction and limited jurisdictional discovery is, therefore, warranted. Before deciding the ultimate issue of whether diversity jurisdiction exists, <u>limited</u> jurisdictional discovery will be permitted in accordance with the schedule set forth by the Court and solely with respect to: 1) the assignments, 2) the citizenship of the foreign hedge funds and 3) the identity of which foreign hedge fund purchased which individual security and with what involvement, if any, by CPIM.

Accordingly, the defendants' objection to the Diversity R&R will be sustained, the Diversity R&R will not be accepted or adopted and the defendants' motion for leave to take jurisdictional discovery will be allowed.

**B.    Remand R&R**

Because the Court finds that limited jurisdictional discovery is warranted with respect to the determination of whether diversity jurisdiction exists, the Court will take the plaintiff's motion to remand and the corresponding Remand R&R and objections thereto under advisement.  At the close of jurisdictional discovery, the parties will be permitted to submit supplemental briefs on the issue of whether to remand this action to state court.

**ORDER**

In accordance with the foregoing,

1) defendants' objection to the Diversity R&R (Docket No. 210) is **SUSTAINED**;

2) after consideration of defendants' objection thereto, the Diversity R&R (Docket No. 202) is **NOT ACCEPTED OR ADOPTED**;

3) defendants' joint motion for leave to take jurisdictional discovery (Docket No. 158) is **ALLOWED**;

4) plaintiff's motion to remand to state court (Docket No. 133), the Remand R&R (Docket No. 203), and defendants' objection thereto (Docket No. 209) are all **TAKEN UNDER ADVISEMENT**.

Accordingly, the Court hereby authorizes limited jurisdictional discovery with respect to a) the assignments, b) the citizenship of the foreign hedge funds and c) the identity of which foreign hedge fund purchased which individual security and with what involvement, if any, by CPIM.  Furthermore, pursuant to that discovery:

1) defendants shall serve the plaintiff with a joint document request and Rule 30(b)(6) deposition notice on or before May 13, 2011;

2) plaintiff shall serve responses and objections to defendants' document request and Rule 30(b)(6) deposition notice on or before May 27, 2011;

3) defendants shall complete the Rule 30(b)(6) deposition of the plaintiff on or before June 17, 2011;

4) defendants shall file a supplemental brief (not to exceed 10 pages), if any, regarding the plaintiff's motion to remand on or before July 1, 2011; and

5) plaintiff shall file a supplemental brief (not to exceed 10 pages), if any, on or before July 15, 2011.

No extensions of time will be allowed.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 2, 2011