# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAMBRIDGE PLACE INVESTMENT MANAGEMENT INC., <br><br> Plaintiff, <br><br> v. <br><br> MORGAN STANLEY & CO., INC.; CITIGROUP GLOBAL MARKETS INC.; CREDIT SUISSE SECURITIES (USA) LLC; RBS SECURITIES, INC.; DEUTSCHE BANK SECURITIES, INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; UBS SECURITIES LLC; GOLDMAN, SACHS & CO.; J.P. MORGAN SECURITIES INC.; COUNTRYWIDE SECURITIES CORPORATION; FBR CAPITAL MARKETS & CO.; HSBC SECURITIES (USA), INC.; BANC OF AMERICA SECURITIES LLC; RESIDENTIAL FUNDING SECURITIES, LLC; BARCLAYS CAPITAL INC.; ACCREDITED MORTGAGE LOAN REIT TRUST; ACE SECURITIES CORPORATION; AEGIS ASSET BACKED SECURITIES CORPORATION; AMERICAN HOME MORTGAGE ASSETS LLC.; AMERIQUEST MORTGAGE SECURITIES INC.; ARGENT SECURITIES INC.; ASSET BACKED FUNDING CORPORATION; ASSET BACKED SECURITIES CORPORATION; BANC OF AMERICA MORTGAGE SECURITIES, INC.; BCAP LLC; BEAR STEARNS ASSET BACKED SECURITIES I LLC; CITIGROUP MORTGAGE LOAN TRUST INC.; CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.; CWABS, INC.; CWALT, INC.; FBR SECURITIZATION, INC.; FIELDSTONE MORTGAGE INVESTMENT CORPORATION; FINANCIAL ASSET SECURITIES CORP.; FREMONT MORTGAGE SECURITIES CORPORATION; GS MORTGAGE SECURITIES CORP.; HSI | **Civil Action No. 1:10-cv-11376-NMG** <br><br><br><br> **[PROPOSED] ORDER TO SHOW CAUSE** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> [CAPTION CONTINUED ON NEXT PAGE] |

| |
|---|
| ASSET SECURITIZATION CORPORATION; J.P. MORGAN ACCEPTANCE CORPORATION I; LONG BEACH SECURITIES CORP.; MERRILL LYNCH MORTGAGE INVESTORS, INC.; MORGAN STANLEY ABS CAPITAL I INC.; MORGAN STANLEY CAPITAL I INC.; MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC.; NATIONSTAR FUNDING LLC; NEW CENTURY MORTGAGE SECURITIES LLC; NEW CENTURY MORTGAGE SECURITIES, INC.; NOVASTAR MORTGAGE FUNDING CORPORATION; PARK PLACE SECURITIES, INC.; PEOPLE'S CHOICE HOME LOAN SECURITIES CORP.; POPULAR ABS, INC.; RESIDENTIAL ACCREDIT LOANS, INC.; RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC.; RESIDENTIAL ASSET SECURITIES CORPORATION; SACO I INC.; SAXON ASSET SECURITIES COMPANY; SECURITIZED ASSET BACKED RECEIVABLES LLC; STANWICH ASSET ACCEPTANCE COMPANY, L.L.C.; STRUCTURED ASSET MORTGAGE INVESTMENTS II INC.; and WASHINGTON MUTUAL MORTGAGE SECURITIES CORP.<br><br>                Defendants. |

WHEREAS, on May 2, 2011, Hon. Nathaniel M. Gorton entered a Memorandum & Order as to jurisdictional discovery in this action;

WHEREAS, defendants Morgan Stanley & Co. Incorporated; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; RBS Securities, Inc; Deutsche Bank Securities Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; UBS Securities LLC; Goldman, Sachs & Co.; J.P. Morgan Securities Inc.; Countrywide Securities Corporation; FBR Capital Markets & Co.; HSBC Securities (USA), Inc.; Banc of America Securities LLC; Residential Funding Securities,

LLC; Barclays Capital Inc.; Accredited Mortgage Loan REIT Trust; Ace Securities Corporation; Aegis Asset Backed Securities Corporation; Ameriquest Mortgage Securities Inc.; Argent Securities Inc.; Asset Backed Funding Corporation; Asset Backed Securities Corporation; Banc of America Mortgage Securities, Inc.; BCAP LLC; Bear Stearns Asset Backed Securities I, LLC; Citigroup Mortgage Loan Trust Inc.; Credit Suisse First Boston Mortgage Securities Corp.; CWABS, Inc.; CWALT, inc.; FBR Securitization, Inc.; Financial Asset Securities Corp.; Fremont Mortgage Securities Corporation; GS Mortgage Securities Corp.; HSI Asset Securitization Corporation; J.P. Morgan Acceptance Corporation I; Long Beach Securities Corp.; Merrill Lynch Mortgage Investors, Inc.; Morgan Stanley ABS Capital I Inc.; Morgan Stanley Capital I Inc.; Mortgage Asset Securitization Transactions, Inc.; Nationstar Funding LLC; Novastar Mortgage Funding Corporation; Park Place Securities, Inc.; Popular ABS, Inc.; Residential Accredit Loans, Inc.; Residential Asset Mortgage Products, Inc.; Residential Asset Securities Corporation; SACO I Inc.; Saxon Asset Securities Company; Securitized Asset Backed Receivables LLC; Stanwich Asset Acceptance Company, L.L.C.; Structured Asset Mortgage Investments II, Inc.; and Washington Mutual Mortgage Securities Corp. (collectively, "Defendants"), by and through their attorneys, have filed with this Court Defendants' Expedited Motion for An Order to Show Cause Why Plaintiff Should Not Be Held in Violation of This Court's May 2, 2011 Order, dated June 8, 2011 ("Defendants' Expedited Motion");

**NOW**, upon consideration of Defendants' Expedited Motion, and all other papers filed in connection therewith, and upon all prior pleadings and proceedings filed herein;

**IT IS HEREBY ORDERED** that Plaintiff Cambridge Place Investment Management Inc. appear before this Court, located at 1 Courthouse Way, Boston, Massachusetts 02210, on

_____, 2011, at _____, or as soon thereafter as the matter maybe heard, then and there to show cause, if any, why an Order should not be issued:

1. Finding that Plaintiff Cambridge Place Investment Management Inc. is in violation of the Court's May 2, 2011 Order;

2. Finding that no privilege or protection, including "common interest" privilege, attorney-client privilege, or attorney work product protection, exists with respect to communications between CPIM (as defined below) and any or all of the nine Foreign Entities (as defined below), prior to the execution of the assignments, about the pre-contractual negotiations, including concerning the motive, purpose or intent of the assignments.

3. Ordering that Plaintiff Cambridge Place Investment Management Inc. produce the following within 7 days of the entry of this Order:

    1) All non-privileged documents responsive to Defendants' Request for Production of Documents in Connection with Jurisdictional Discovery (the "Document Requests") (rather than documents CPIM deems "sufficient") that relate to the time period from July 1, 2004 until July 9, 2010, including:

        a. All documents responsive to the sub-items of Requests 1 through 3 of the Document Requests;

        b. All documents responsive to the Document Requests within the possession, custody or control of Cambridge Place Investment Management Inc., including in its purported role as the exclusive assignee and attorney-in-fact of the nine Foreign Entities, and/or Cambridge Place Investment Management LLP (collectively "CPIM"),

       as well as all documents in the possession, custody or control of Caliber Global Investment Ltd., Camber 3 PLC, Camber 4 PLC, Camber 5 Ltd., Camber 7 PLC, CPIM Structured Credit Fund 20 LP, CPIM Structured Credit Fund 500 LP, CPIM Structured Credit Fund 1000 LP, and/or CPIM Structured Credit Fund 1500 LP, including, as to each, its successor(s) in interest, including any liquidator or trustee (collectively the "Foreign Entities");

    c. All drafts and non-identical copies responsive to the Document Requests; and

    d. All documents responsive to the Document Requests located outside of the United States in the possession, custody or control of CPIM and/or any of the Foreign Entities, absent a specific showing by CPIM why it is unable to produce such documents at this time and when it will be able to produce such documents;

2) All required metadata associated with documents produced by CPIM in the ordinary course of business; and

3) A complete privilege log with respect to all responsive documents as to which CPIM claims any privilege, both as to documents that CPIM withholds in their entirety and documents which CPIM redacts;

4. Ordering that:

    1) CPIM produce a Rule 30(b)(6) witness or witnesses to testify on behalf of CPIM and the Foreign Entities; and

    2) CPIM produce a Rule 30(b)(6) witness or witnesses who will testify as to each item under Matters for Examination No. 1 through No. 4 as set forth in Defendants' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) in Connection with Jurisdictional Discovery during the relevant time period of July 1, 2004 through the present;

5. Ordering that due to CPIM's non-compliance with its discovery obligations, the schedule for jurisdictional discovery authorized by the Court's Order dated May 2, 2011 is revised as follows:

    1) Defendants shall complete the Rule 30(b)(6) deposition of CPIM on or before 21 days after receipt of CPIM's complete production of documents pursuant to this Order;

    2) Defendants shall file a supplemental brief (not to exceed 10 pages), if any, regarding CPIM's motion to remand on or before 14 days after the last day allowed for the completion of the Rule 30(b)(6) Deposition of CPIM; and

    3) CPIM shall file a supplemental brief (not to exceed 10 pages), if any, on or before 14 days after the last day allowed for Defendants' filing of a supplemental brief.

IT IS HEREBY FURTHER ORDERED that service of this Order to Show Cause shall be made by delivery of a copy of this Order to Show Cause, together with a copy of the papers in support thereof, upon counsel for Plaintiff Cambridge Place Investment Management Inc. on or before ____ a.m./p.m. on June __, 2011.

IT IS HEREBY FURTHER ORDERED that any answering papers, if any, shall be served by hand upon counsel for Defendants no later than ___ a.m./p.m. on June __, 2011.

**ENTER:**

_____

Dated: June ___, 2011