

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

June 9, 2011

Joseph J. Frank
212-506-5155
jfrank@orrick.com

**BY ECF**

The Honorable Nathaniel M. Gorton
United States District Court
District of Massachusetts
John Joseph Moakley United States Courthouses
1 Courthouse Way – Suite 3110
Boston, MA 02210

      Re: *Cambridge Place Investment Management Inc. v. Morgan Stanley & Co., Inc., et al.*
          United States District Court – District of Massachusetts
          Case No. 1:10-cv-11376-NMG

Dear Judge Gorton:

      We are counsel for defendants Barclays Capital Inc, BCAP LLC and Securities Asset Backed Receivables LLC in the above-titled action. We write today, on behalf of all Defendants in the above-captioned matter, and in response to the letter submitted by counsel to Plaintiff Cambridge Place Investment Management Inc. ("CPIM") on June 8, 2011 ("June 8 Letter").

      In its letter, CPIM seeks an extension of time until Monday, June 13, 2011 to respond to Defendants' Expedited Motion For An Order To Show Cause Why Plaintiff Should Not Be Held In Violation Of This Court's May 2, 2011 Order ("Defendants' Expedited Motion"). While Defendants do not take any position on the requested extension, they do disagree with various mischaracterizations in CPIM's June 8 Letter.

      First, CPIM's statement that the requested extension would not "prejudice Defendants nor impact the deadlines previously set by the Court for supplemental briefing on Plaintiff's motion to remand" is wrong. (June 8 Letter at 2.) Defendants have noticed a Rule 30(b)(6) deposition of CPIM for next Thursday, June 16, 2011, pursuant to the Court's Memorandum and Order, dated May 2, 2011, ECF No. 277 ("May 2 Order") at 4. In Defendants' Expedited Motion, they request, among other relief, that the Court direct CPIM within 7 days to produce those documents that CPIM has failed to produce in violation of the May 2 Order, and also request a brief adjournment of the deposition until CPIM meets those document production obligations. If CPIM does not respond to Defendants' Expedited Motion until June 13, 2011, the Court may not have the opportunity to address Defendants' Expedited Motion by the noticed



Hon. Nathaniel M. Gorton
June 9, 2011
Page 2

deposition date, and CPIM may not have fully complied with the Court's order by then. Defendants plainly would be prejudiced if they were nonetheless required to proceed with the deposition on the schedule set in the May 2 Order. Accordingly, Defendants request a brief extension of the deadlines set in the May 2 Order while the Court considers Defendants' Expedited Motion, with Rule 30(b)(6) discovery to be completed within 21 days after CPIM completes its ongoing document production, including any further production made pursuant to the Court's ruling on Defendants' Expedited Motion.

Defendants also strongly disagree with CPIM's mischaracterizations of Defendants' Expedited Motion. For example, CPIM has violated the Court's direction that CPIM provide expedited discovery, instead taking the position that CPIM is permitted to cherry pick documents "sufficient to show" the relevant information and refusing even to search all documents within its possession, custody or control, or to search for any documents within the possession, custody or control of the nine foreign hedge funds for which CPIM purports to serve as the "exclusive assignee" and "attorney in fact," even while claiming that communications among CPIM and the nine foreign hedge funds concerning the supposedly arms-length assignments are subject to a "common interest privilege." Defendants refer the Court to the Expedited Motion and associated materials, which plainly demonstrate these and other violations of the May 2 Order. Defendants also anticipate seeking leave promptly to file a brief reply to address any further mischaracterizations that may appear in CPIM's response to Defendants' Motion.

Respectfully submitted,

Joseph J. Frank

cc:     Counsel of Record (by ECF)