# EXHIBIT A



ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

June 14, 2011

Joseph J. Frank
212-506-5155
jfrank@orrick.com

**BY EMAIL & FACSIMILE**

Gerald H. Silk, Esq.
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas
New York, NY 10019

  Re: *Cambridge Place Investment Management Inc. v. Morgan Stanley & Co., Inc., et al.*
    United States District Court – District of Massachusetts
    Case No. 1:10-cv-11376-NMG

Dear Gerry:

  We are counsel for defendants Barclays Capital Inc, BCAP LLC and Securities Asset Backed Receivables LLC and write today on behalf of all Defendants in the above-captioned matter.

  Per Judge Gorton's Order from earlier today (D.E. 241), the Defendants would like to make one final attempt to resolve the parties' differences over jurisdictional discovery. Defendants will agree to withdraw their Expedited Motion for an Order to Show Cause Why Plaintiff Should Not Be Held In Violation of the Court's May 2, 2011 Order if:

  (1)  CPIM agrees to produce all non-privileged documents responsive to Defendants' Document Requests as served rather than merely selecting among those responsive documents to produce certain documents that CPIM contends are sufficient on particular points.

     In return, Defendants will agree to accept documents sufficient to show the citizenship of: (a) CPIM; (b) the nine foreign entities;[1] and (c) the members and partners of any of the foreign entities that are limited partnerships, limited liability corporations or investment trusts. *See, e.g., Carden v. Arkoma Assocs.*, 194 U.S. 185, 195-96 (1990) (holding that a federal court must look to the citizenship of

---

[1] The foreign entities are defined as those entities that purportedly assigned any of the claims at issue to CPIM, including their successors in interest and liquidators.


ORRICK

Gerald H. Silk, Esq.
June 14, 2011
Page 2

        constituent members in determining diversity jurisdiction over cases involving entities such as limited partnerships);

(2)    CPIM agrees to produce any responsive documents (as defined in No. 1 above) that: (a) concern the purpose, intent, or negotiation of the purported assignments; and (b) were shared between CPIM or its agents (including attorneys) on the one hand and any of the nine foreign entities or their agents (including attorneys) on the other. CPIM agrees to produce those documents regardless of whether they have been logged as privileged in this action or were deemed non-responsive for production (because they were not selected by CPIM as sufficient to show or otherwise). CPIM also agrees to log all other responsive documents (as defined in No. 1 above) withheld under a claim of privilege or other protection.

        In return, Defendants will agree that such production does not, in itself, constitute: (a) a waiver of any privilege or protection relating to other documents on the same subject not shared with such third parties; or (b) a waiver of any other privilege or protection on other subjects; and

(3)    CPIM agrees to produce any responsive documents (as defined in No. 1 above) that are in the possession, custody, or control of the nine foreign entities or any CPIM affiliate (including without limitation the CPIM affiliate in the UK from which you have produced selected responsive documents). As part of that production, CPIM agrees to produce from those entities any of the documents described in Nos. 1 and 2 above.

        In return, Defendants agree that the same limitations and non-waiver provisions set forth in Nos. 1 and 2 above shall apply to the production of documents from the nine foreign entities and any CPIM affiliate.

As you know, Defendants must file their reply brief by 12:00 pm Eastern tomorrow. Please let us know by 11:00 am Eastern tomorrow whether CPIM will agree to Defendants' proposal. If CPIM agrees, Defendants propose (consistent with Judge Gorton's June 14, 2011 Order) that CPIM's remaining documents and privilege log be delivered by June 22, 2011 and CPIM's 30(b)(6) deposition occur by July 1, 2011.

Very truly yours,

Joseph J. Frank


ORRICK

Gerald H. Silk, Esq.
June 14, 2011
Page 3

cc:   David R. Stickney, Esq.
      Lauren A. McMillen, Esq.
      All Defense Counsel of Record

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA

DAVID R. STICKNEY
davids@blbglaw.com
858-720-3182

June 14, 2011

**VIA E-MAIL**

Joseph J. Frank, Esq.
Matthew L. Craner, Esq.
Agnes Dunogue, Esq.
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

    Re:    *Cambridge Place Inv. Mgmt. Inc. v. Morgan Stanley & Co., et al.*,
            No. 1:10-cv-11376-NMG

Dear Joseph, Matthew, and Agnes:

    This letter concerns today's Order, which states "the Court admonishes the parties to resolve any and all remaining discovery disputes among themselves." Further, given the deadline for Defendants to file a reply brief (by noon, tomorrow), we suggest a telephonic meeting today and will call your office in the next half-hour.

    In advance of that call, we suggest the following in an attempt to obviate further briefing or, at least, to narrow the issues for the Court if we are unable to agree:

    1.  **Reasons for Assignment:** Plaintiff reiterates its proposal to produce those portions of the privileged slide presentations that contain information relating to the reasons for the assignments, subject to an agreement that such production does not waive any privilege or protection. Please advise whether Defendants will agree. In this regard, we note that Defendants will also have the benefit of testimony from the Rule 30(b)(6) deponent with respect to the assignments.

    2.  **Material Withheld Based on Privilege or Protection:** For additional documents concerning the reasons for assignment that have been withheld based on a claim of privilege or protection, Plaintiff has produced two privilege logs. We propose that your side identify in the first instance the entries for which you believe a privilege or protection has been improperly asserted.

    3.  **Disputed Material:** Plaintiff is not aware of any relevant material that has not been either produced or logged. Defendants' document requests are overbroad, and Defendants have


12481 HIGH BLUFF DRIVE • SUITE 300 • SAN DIEGO • CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323


BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Joseph J. Frank, Esq.
Matthew L. Craner, Esq.
Agnes Dunogue, Esq.
June 14, 2011
Page 2

---

so far not agreed to limit or modify them in any way. Please let us know whether Defendants continue to stand on all of their requests as drafted. In this regard, we note that Defendants now have the benefit of Plaintiff's documents and privilege logs. During our call, we can discuss the manner in which Defendants believe the production is deficient and attempt to resolve any outstanding disputes.

4. **The Schedule:** As an alternative to further briefing, we are open to an agreed-upon extension of two weeks for all deadlines to propose to the Court if it appears that the parties will be able to agree on all or most issues. Such an extension of deadlines should provide the parties with sufficient time.

Sincerely,

David R. Stickney

DRS/aa