# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA

DAVID R. STICKNEY
davids@blbglaw.com
858-720-3182

June 15, 2011

By ECF

The Honorable Nathaniel M. Gorton
United States District Court
District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way — Suite 6420
Boston, MA 02210

Re:   *Cambridge Place Investment Management Inc. v. Morgan Stanley & Co., Inc., et al.*
      Case No. 1:10-cv-11376-NMG

Dear Judge Gorton:

    We write on behalf of Cambridge Place Investment Management Inc. ("CPIM" or "Plaintiff") to correct the record in light of certain statements made in Defendants' reply papers filed today. In Your Honor's Order, the Court admonished the parties to "resolve any and all remaining disputes among themselves." Accordingly, counsel for Plaintiff contacted Defendants and sought to resolve the open discovery issues during last night's meet-and-confer, as reflected in the attached June 15, 2011 letter sent to defense counsel earlier this morning. *See* Ex. A.[1]

    At the conclusion of the meet-and-confer, there were open issues on both sides. Counsel for Defendants stated that there was not enough time to check with all of the Defendants and agree to narrow the document requests in any meaningful respect. For example, counsel for Defendants stated that there was not enough time to obtain approval from Defendants to limit in any way the scope of the documents that Defendants are now seeking from the Assignors/Clients.

    In submitting their reply brief, Defendants did not attach Plaintiff's June 15, 2011 letter. Plaintiff specifically requested that Defendants submit Plaintiff's June 15, 2011 letter as an exhibit to the reply brief to ensure that the Court had a complete record of Plaintiff's position and to confirm Plaintiff's continued interest in engaging in the meet-and-confer process to resolve or narrow the open discovery issues. *See* Ex. A at 3.

---

[1] Consistent with Defendants' request in their June 14, 2011 letter (ECF No. 242-1), Plaintiff updated Defendants of its position by letter this morning before 10:00 a.m.



12481 HIGH BLUFF DRIVE • SUITE 300 • SAN DIEGO • CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Honorable Nathaniel M. Gorton
June 15, 2011
Page 2

As set forth in the June 15, 2011 letter, Plaintiff provided certain confirmations and agreed to modify its position by, among other things, "produc[ing] or log[ging] all additional assignment-related documents that concern the negotiations or terms of the assignments that have not yet been produced." Ex. A at ¶6. This was one of the primary requests made by Defendants during the parties' discussions and in Defendants' June 14, 2011 letter.

During the parties' meet-and-confer, Plaintiff offered to agree to an enlargement of time for Defendants to file their reply brief if both sides were able to make meaningful advancements in the meet-and-confer process by the time the brief was due. Counsel for Defendants advised Plaintiff late last evening, however, that Defendants would be unable to make any commitments in the timeframe available. Accordingly, as set forth in Plaintiff's June 15, 2011 letter, counsel for Plaintiff thought it was appropriate for Defendants to file their reply brief, for the parties to engage in continued meet-and-confer discussions, and for the parties to jointly request that the Court withhold any decision on the motion until Monday, June 20, 2011 to allow the parties to continue their efforts to resolve or narrow the open issues and advise the Court of any resolution. *See* Ex. A at 2. Plaintiffs are prepared to continue to work to resolve the parties' open discovery issues.

Finally, Defendants in their reply brief make a new argument that CPIM has somehow waived privilege by producing certain draft assignment agreements that Defendants requested. *See* Reply at 4. This argument was not made in Defendants' opening papers, never stated during any meet-and-confer, and is baseless. Defendants fail to mention, among other things, that CPIM endeavored to redact those portions of the draft assignment agreements that include legal advice and that CPIM has in no way intended to waive privilege.[2]

Respectfully submitted,

*David R. Stickney*

David R. Stickney

cc: Counsel of Record (by ECF)

Attachments

---

[2] Shortly before filing this letter, Defendants sent Plaintiff a letter with regard to the parties' meet-and-confer, which Plaintiff attaches hereto as Exhibit B, without commenting on the issues raised.

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on June 15, 2011.

 

                                             */s/ David R. Stickney*
                                             DAVID R. STICKNEY

# EXHIBIT A

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA

DAVID R. STICKNEY
davids@blbglaw.com
858-720-3182

June 15, 2011

**VIA E-MAIL**

Joseph J. Frank, Esq.
Matthew L. Craner, Esq.
Agnes Dunogue, Esq.
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

    Re:   *Cambridge Place Inv. Mgmt. Inc. v. Morgan Stanley & Co., et al.,*
           No. 1:10-cv-11376-NMG

Dear Joseph, Matthew, and Agnes:

    We write to follow up on yesterday's meet-and-confer sessions and to memorialize the following key points discussed, the additional accommodations made by Plaintiff, and Defendants' stated inability to make any meaningful concessions to resolve the open discovery issues at this time:

    1.   Plaintiff confirmed that it has produced or logged the documents concerning the reasons for the assignments found through a reasonable and diligent search. We discussed and corrected your prior misunderstanding concerning Plaintiff's efforts in this regard, which was reflected both in your Motion and yesterday's correspondence.

    2.   Plaintiff confirmed that it has **not** "selectively" produced documents.

    3.   Plaintiff offered to produce those privileged portions of counsel's slide presentations to the Clients that discuss the reasons for the assignments, subject to a non-waiver agreement. Defendants again rejected Plaintiff's proposal.

    4.   Plaintiff identified documents withheld based on privilege or other protections on its privilege logs. Defendants rejected Plaintiff's request to identify the entries on the privilege logs that they believe are inappropriate.



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Joseph J. Frank, Esq.
Matthew L. Craner, Esq.
Agnes Dunogue, Esq.
June 15, 2011
Page 2

---

5. The Court's Order admonished the parties to "resolve any and all remaining disputes among themselves." Defendants nevertheless maintained their uncompromising position that Plaintiff should respond to the document requests as served with no meaningful exceptions, but agreed to consider modifying or eliminating certain overbroad requests. As just one example, Defendants request "all documents concerning the decision to purchase any of the Certificates," which would presumably require CPIM (if not narrowed) to produce thousands of documents unrelated to the jurisdictional issues.

6. Plaintiff agrees to conduct a reasonable and diligent search and produce or log all additional assignment-related documents that concern the negotiations or terms of the assignments that have not yet been produced. As discussed, Plaintiff has produced or logged the documents related to the reasons for the assignments.

7. Defendants stated that they will respond to whether they will limit their request that Plaintiff request documents from the Clients/Assignors to documents relating to the reasons for the assignments. While Plaintiff continues to believe that Defendants' request for such documents from the Clients/Assignors is outside the Court's Order authorizing limited jurisdictional discovery, Plaintiff will consider any such proposal in good faith.

8. Plaintiff is agreeable to a modification of the deadlines in the case by two weeks to allow for the additional collection of documents and to address any additional remaining discovery issues.

With respect to Defendants' request to adjust the schedule to allow for continued efforts to resolve or narrow the open discovery issues, Plaintiff cannot agree to extend the deadline for Defendants to file their reply brief relating to their pending motion because we are concerned that Defendants have so far been unwilling to modify or limit their requests in any meaningful respect. We understand that you are looking into certain issues and require additional time to respond. We suggest therefore that Defendants file their reply brief today as ordered and that the parties continue their discussions, while notifying the Court that they will report back on their progress by Monday, June 20, 2011. We would accept a reasonable proposal to adjust the schedule for the upcoming 30(b)(6) deposition and remaining dates accordingly.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Joseph J. Frank, Esq.
Matthew L. Craner, Esq.
Agnes Dunogue, Esq.
June 15, 2011
Page 3

---

      Please feel free to contact one of my colleagues with any further questions, as I will be travelling during the bulk of today. Please also include the parties' correspondence from yesterday and today in any submission Defendants make to the Court relating to this jurisdictional discovery dispute. In so doing, specifically advise the Court of Plaintiff's good faith efforts to resolve the open discovery issues, including as set forth in Paragraphs 6-8, above.

      Sincerely,

*/s/ David R. Stickney/*

David R. Stickney

# EXHIBIT B


ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

June 15, 2011

Matthew L. Craner
212-506-3714
mcraner@orrick.com

**BY EMAIL**

David. R. Stickney, Esq.
Jonathan D. Uslaner, Esq.
Bernstein Litowitz Berger & Grossman LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130-3582

    Re: *Cambridge Place Investment Management Inc. v. Morgan Stanley & Co., Inc., et al.*
        United States District Court – District of Massachusetts
        Case No. 1:10-cv-11376-NMG

Dear David:

We write to memorialize the salient points made in the several-hour meet-and-confer calls we had with you until late last evening and subsequent communications, to summarize the current status of the parties' positions as we understand them.

Our letter to you dated June 14, 2011, on behalf of all Defendants, offered several key concessions. Defendants: (1) offered to accept certain already produced documents as a "sufficient to show" response to a number of Defendants' disputed requests; and (2) agreed that CPIM's production of all documents exchanged with the nine foreign hedge funds about the purpose and negotiation of the assignments would not result in any further waiver of privilege.

In response, during the meet-and-confer, you stated unequivocally that CPIM could not agree to Defendants' proposal as expressed in Defendants' June 14 letter.

In particular, you indicated during our meet-and-confer last night that:

1. CPIM has not produced all responsive documents to Defendants' document requests. Thus, that CPIM has selected certain responsive documents to produce is not in dispute. We understand that CPIM maintains that it has not made such a selection on the basis of which documents are favorable or not favorable to CPIM. Defendants, however, have no basis for assessing that statement. In particular, you indicated that CPIM has not produced all responsive documents regarding the negotiations as to the purported assignments and their economic terms. CPIM has taken the position that all such responsive documents need not be produced because CPIM states it has produced or logged all documents (in


ORRICK

David R. Stickney, Esq.
Jonathan D. Uslaner, Esq.
June 15, 2011
Page 2

CPIM's possession, custody or control, but not in that of the foreign purported assignors) concerning the reasons for the assignments.

2. In addition to 16 presentations, CPIM has withheld and is claiming common interest privilege over other documents exchanged with the foreign entities concerning the reasons for the assignments. CPIM refuses to produce any part of those documents (beyond 16 redacted presentations), even in redacted form and even if Defendants agree (as Defendants offered in their June 14 letter) that such production would not, in itself, constitute a waiver of any privilege or protection. Contrary to your mischaracterization in your June 15 letter, Defendants have not "rejected" CPIM's request to identify specific entries on CPIM's privilege log to which Defendants object. Rather, as we explained in our meet-and-confer last night, Defendants believe that that no privilege or work product protection applies to documents shared between CPIM and the foreign entities about the purpose, intent and negotiation of the assignments; however, the information provided in CPIM's log is insufficient to allow Defendants to determine which logged documents fall into such categories.

3. CPIM continues to refuse to produce documents sufficient to show the "identity and citizenship of any and all of [each foreign hedge fund's] members and partners." As we reiterated, this information is necessary for the Court's jurisdictional determination, in light of case law holding that the citizenship of members and partners governs diversity jurisdiction over limited partnerships, limited liability companies, and investment trusts (such as some of the assigning foreign entities).

4. CPIM continues to object to producing any documents in the possession, custody or control of the foreign entities. You indicated that at most CPIM may consider making a narrow "request" from the foreign entities for documents concerning the reasons for the assignments, but not to produce any other responsive documents, including concerning the assignments and/or purchases of the Certificates.

5. When we pointed out that CPIM has not produced information as to a number of Certificates (clearly defined in Defendants' document requests as all certificates identified in the schedules to the purported assignments), you stated that you were not aware that responsive documents as to all such Certificates either had to be provided or had not been provided. Per your request, we have sent your colleague Jonathan Uslaner a list of Certificates for which it appears that CPIM has not provided information. To date, you have not indicated whether CPIM will produce information as to such Certificates.



**ORRICK**

David R. Stickney, Esq.
Jonathan D. Uslaner, Esq.
June 15, 2011
Page 3

We asked that you reconsider your positions as to a number of important points above which are crucial to the Court's inquiry under the factors set forth in the case law. You indicated that you would take our requests under consideration.

During our meet-and-confer, you also asked that Defendants narrow their document requests, including an even greater narrowing of the scope of documents that Defendants have requested be produced from the nine foreign entities. We indicated that Defendants' document requests expressly track the topics set out in the Court's May 2 Order and that the sub-items of those requests merely specify the documents requested. However, we also indicated that we would discuss your requests with all Defendants, and we are continuing to do so.

At approximately 1:00 a.m. on June 15, we called to advise you that we would not be able to provide any definitive responses on behalf of almost 60 Defendants prior to the noon deadline set by the Court for Defendants' reply brief in connection with Defendants' expedited motion for an order to show cause. We asked that you consent to a 48-hour adjournment of such deadline (subject to approval by the Court) so that the parties could continue to try to resolve their differences without involving the Court.

A few hours ago, you left me a voicemail and sent a letter indicating that you were not willing to agree to a 48-hour adjournment of the deadline for Defendants' reply brief so that the parties could seek to resolve their differences before closing the record on Defendants' motion. Your letter mischaracterized the meet-and-confer and Defendants' positions in a number of ways. Furthermore, in that letter, you did not agree to modify your existing objections but did note that CPIM will continue to produce assignment-related documents, concerning the negotiations or terms of the assignments, which you confirm have not yet been produced.

In light of CPIM's position, Defendants were left with no choice but to file a reply brief today by noon. Defendants continue to consider your requests and are available for further discussions. Subject to the Court's approval, Defendants also are willing to reschedule the deposition of CPIM's Rule 30(b)(6) witness pending CPIM's further production of documents which you have indicated CPIM will be making, as well as pending any additional production the Court may order.


ORRICK

David R. Stickney, Esq.
Jonathan D. Uslaner, Esq.
June 15, 2011
Page 4

    The record on Defendants' motion for an order to show cause is now closed. We would oppose any further submission. To the extent that you do seek to submit any additional materials to the Court, however, we request that you include this correspondence in any such submission.

                          Very truly yours,

                          Matthew L. Craner

cc:    Gerald H. Silk, Esq.
       David Wales, Esq.
       Jai K. Chandrasekhar, Esq.
       Lauren A. McMillen, Esq.

       All Defense Counsel of Record