

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

tel +1-212-506-5000
fax +1-212-506-5151
WWW.ORRICK.COM

**ORRICK**

June 15, 2011

Joseph J. Frank
212-506-5155
jfrank@orrick.com

**BY ECF**

The Honorable Nathaniel M. Gorton
United States District Court
District of Massachusetts
John Joseph Moakley United States Courthouses
1 Courthouse Way – Suite 3110
Boston, MA  02210

    Re:  *Cambridge Place Investment Management Inc. v. Morgan Stanley & Co., Inc., et al.*
         United States District Court – District of Massachusetts
         Case No. 1:10-cv-11376-NMG

Dear Judge Gorton:

        We write in response to this afternoon's letter from CPIM's counsel to the Court – an attempt to reopen the record on Defendants' Motion for an Order to Show Cause (D.E. 232) ("Defendants' Motion").  With all respect, CPIM seems to be doing what it can to distract the Court from CPIM's continued non-compliance with this Court's orders.

        First, CPIM attempts to rewrite the record by suggesting that CPIM in fact made further concessions after this Court's June 14, 2011 Order – that CPIM "modif[ied] its position" by stating that CPIM would produce and log "additional assignment-related documents that concern the negotiation or terms [but expressly not the stated intent] of the assignments."[1]  CPIM Letter at 2.  What CPIM neglects to mention to the Court is that CPIM *already* had agreed to produce (and had been producing) those documents prior to this Court's Order.  All CPIM did last night was to inform Defendants that CPIM intended to continue its rolling production (even at this late date) on an issue no longer in dispute.

---

[1] Throughout its production, CPIM has expressly distinguished between documents concerning the economic terms of the assignments (which CPIM is producing on a rolling basis) and documents concerning the stated purpose and intent of the assignments (which CPIM is continuing to withhold under a claim of common interest privilege – including documents disclosed to the foreign hedge funds that CPIM is refusing to produce under any circumstances).



**ORRICK**

Hon. Nathaniel M. Gorton
June 15, 2011
Page 2

      Second, CPIM claims that Defendants "in their reply brief, made a new argument that CPIM has somehow waived privilege by producing certain draft assignment agreements" and that Defendants' Reply engages in unfair surprise because "this argument was not made in Defendants' opening papers." CPIM Letter at 2. What CPIM neglects to mention to the Court is that: (1) Defendants have argued from the first that CPIM waived privilege by sharing documents with third parties such as the foreign hedge funds; and (2) CPIM first produced any draft assignments only *after* Defendants' Motion. CPIM leaves unexplained how Defendants could have raised such a further waiver argument in their opening papers – before CPIM actually had produced the draft assignments and further waived the privilege.

                                                  Respectfully submitted,

                                                  *Joseph J. Frank/mcc*

                                                  Joseph J. Frank

cc:      Counsel of Record (by ECF)