**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CAMBRIDGE PLACE INVESTMENT MANAGEMENT INC., <br><br> Plaintiff, <br><br> v. <br><br> MORGAN STANLEY & CO., INC., *et al.*, <br><br> Defendants. | Case No. 1:10-cv-11376-NMG <br><br> **ASSENTED-TO MOTION TO FILE PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF REMAND, AND SUPPORTING DECLARATIONS AND EXHIBITS, UNDER SEAL** |

In accordance with the Stipulated Protective Order with Respect to Jurisdictional Discovery dated May 31, 2011 (the "Protective Order") (ECF No. 231) and Rule 7.2 of the Local Civil Rules of this Court, Plaintiff Cambridge Place Investment Management Inc. ("CPIM" or "Plaintiff"), by its attorneys, respectfully moves this Court for the entry of an order:

1. Authorizing Plaintiff's Supplemental Brief in Support of Remand ("Plaintiff's Supplemental Brief") and the related declarations in support and exhibits thereto to be filed under seal, until further order of the Court in accordance with the Protective Order; and

2. Providing for post-impoundment custody of Plaintiff's Supplemental Brief and the related declarations and exhibits thereto by counsel or the parties to this action (the "Parties").

The Parties entered into the Protective Order, which is pending before the Court. *See* ECF No. 231. The Protective Order, which became effective as a stipulation upon execution by the Parties (*see id.* at 11, ¶ 23), provides that CPIM may designate as Confidential certain documents and portions of the Rule 30(b)(6) deposition transcript that it believes are Confidential as defined

by the Protective Order. The Protective Order also requires that, before filing any documents or testimony designated as Confidential, Plaintiff must make a motion for impoundment under Local Rule 7.2 and, if the motion is granted, file the materials under seal. *See id.* at 9, ¶ 15.

In connection with the jurisdictional discovery ordered by the Court, CPIM has designated documents and the Rule 30(b)(6) deposition transcript as Confidential. For example, CPIM has produced and designated as Confidential: trading tickets and other information about the securities purchases at issue; Investment Committee minutes demonstrating CPIM's involvement in the investment decisions at issue; and minutes, notes, emails, presentations, memoranda, and other documents relating to the complete sale and assignment of claims by CPIM's nine discretionary investment-management clients to CPIM. CPIM also provided testimony about these and other topics. These and the other documents and testimony designated as Confidential by CPIM constitute trade secrets or other confidential research, development, commercial or business information or other confidential information within the meaning of the Protective Order. *See* ECF No. 231 at 2, ¶ 3.

Plaintiff's Supplemental Brief, which is due to be filed on or before July 21, 2011 per the Court's Order dated June 16, 2011, will expressly reference and attach as exhibits a number of documents and portions of the deposition transcript that CPIM has designated as Confidential, including but not limited to (1) quotations from CPIM's Rule 30(b)(6) deposition testimony, (2) internal documents of CPIM, CPIM's nine investment-management clients that completely assigned their claims to CPIM, and their respective agents, (3) discussion of CPIM's corporate structure and relationship with its nine discretionary investment-management clients, (4) information concerning the complete sales and assignments shared among CPIM and the nine

discretionary investment-management clients, and (5) references to documents produced by CPIM to Defendants demonstrating CPIM's compliance with this Court's discovery orders.

For the reasons stated above, Plaintiff respectfully requests that the Court enter the proposed Order to file Plaintiff's Supplemental Brief in Support of Remand, and supporting declarations and exhibits, under seal, and requests that the impounded material be maintained in post-impoundment custody by counsel or the Parties in accordance with the Protective Order (ECF No. 231 at 9, ¶ 15) and Local Rule 7.2(c).

Dated: July 13, 2011

**CAMBRIDGE PLACE INVESTMENT MANAGEMENT INC.**

By its attorneys,

　　*/s/ David R. Stickney*
　　DAVID R. STICKNEY

David R. Stickney (admitted pro hac vice)
Timothy A. DeLange (admitted pro hac vice)
Matthew P. Jubenville (admitted pro hac vice)
Takeo A. Kellar (admitted pro hac vice)
**BERNSTEIN LITOWITZ BERGER**
　**& GROSSMANN LLP**
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323
davids@blbglaw.com
timothyd@blbglaw.com
matthewj@blbglaw.com
takeok@blbglaw.com

　　　-and-

Gerald H. Silk (admitted pro hac vice)
David L. Wales (admitted pro hac vice)
Jai Chandrasekhar (admitted pro hac vice)
Lauren A. McMillen (admitted pro hac vice)
**BERNSTEIN LITOWITZ BERGER**
　**& GROSSMANN LLP**
1285 Avenue of the Americas, 38th Floor
New York, NY 10019

        Tel:   (212) 554-1400
        Fax:  (212) 554-1444
        jerry@blbglaw.com
        dwales@blbglaw.com
        jai@blbglaw.com
        lauren@blbglaw.com

        -and-

T. Christopher Donnelly
(BBO # 129930)
Michael S. D'Orsi
(BBO # 566960)
**DONNELLY. CONROY & GELHAAR, LLP**
One Beacon Street, 33d Floor
Boston, MA 02108
Tel: (617) 720-2880
Fax: (617) 720-3554
tcd@dcglaw.com
msd@dcglaw.com

*Counsel for Plaintiff Cambridge Place Investment Management Inc.*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

    I hereby certify that counsel for Plaintiff conferred in good faith with counsel for Defendants in an effort to narrow or resolve the issues raised in this motion. Defendants have assented to the motion. (Defendants reserved the right to challenge Plaintiff's confidentiality designations as provided by the proposed Protective Order (ECF No. 231).) The Protective Order, agreed to by all Parties, provides for the filing of a motion to impound and sets out the procedures followed by Plaintiff in this motion (*see id.* at 9, ¶ 15).

                    _____*/s/ David R. Stickney*_____
                           David R. Stickney

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing on July 13, 2011.

                    _____*/s/ David R. Stickney*_____
                           David R. Stickney