United States District Court
District of Massachusetts

```
_____
                                )
CAMBRIDGE PLACE INVESTMENT      )
MANAGEMENT, INC.,               )
        Plaintiff,              )
                                )    Civil Action No.
        v.                      )    10-11376–NMG
                                )
MORGAN STANLEY & CO., INC., et  )
al.,                            )
        Defendants.             )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Cambridge Place Investment Management, Inc. ("CPIM") brings suit against numerous investment firms, underwriters and dealers who sold mortgage-backed securities (collectively, the "Wall Street Bank defendants") and those who purchased or acquired mortgage loans, securitized them and were the issuers of the securities sold by the Wall Street Bank defendants (collectively, the "Depositor defendants") for alleged violations of the Massachusetts Uniform Securities Act, Mass. Gen. Laws ch. 110A, § 410. Pending before the Court is plaintiff's motion to remand.

I. **Background**

In August, 2010, defendants removed the action to federal court and CPIM moved to remand the action to state court the following month. In October, 2010, defendants moved to take jurisdictional discovery which plaintiff opposed. The motions

were referred to Chief Magistrate Judge Judith G. Dein, who issued 1) a Report and Recommendation recommending that defendants' motion to take discovery be denied ("the Diversity R&R") and 2) a Report and Recommendation recommending that plaintiff's motion to remand be allowed on the basis of abstention ("the Remand R&R"). Defendants filed objections to both R&Rs to which plaintiff responded.

After reviewing the extensive briefing, the Court declined to accept or adopt the Diversity R&R, finding that the defendants had stated a "colorable claim" of jurisdiction, thereby warranting limited jurisdictional discovery solely with respect to: 1) the assignments, 2) the citizenship of the foreign hedge funds and 3) the identity of which foreign hedge fund purchased which individual security and with what involvement, if any, by CPIM. At the close of the limited jurisdictional discovery in July, 2010, the parties submitted additional briefs, as directed by the Court. The Court retained under advisement the motion to remand and the corresponding Remand R&R both of which remain pending.

## II. <u>Analysis</u>

Defendants contend that the Court has subject matter jurisdiction because either diversity of citizenship exists, pursuant to 28 U.S.C. § 1332, or there is a federal question, pursuant to 28 U.S.C. § 1331. The Diversity R&R addressed the

former, the Remand R&R the latter.

**A.   Diversity Jurisdiction**

Defendants contend that the assignments were collusively made and thus the Court should determine whether it has diversity jurisdiction based on the citizenship of the "true parties in interest."

**1.   The Assignments**

The Court must examine and disregard an assignment "if it be found to have been made principally to defeat removal." <u>JMTR Enters., LLC</u> v. <u>Duchin</u>, 42 F. Supp. 2d 87, 92 (D. Mass. 1999) (quotations omitted).  Whether an assignment was collusively made "is to be resolved as a simple question of fact."  <u>Id.</u> (quotations and citations omitted).  Factors to be considered in determining whether an assignment is collusive include: 1) a partial rather than total assignment, 2) lack of consideration paid by the assignee to assignor, 3) the plaintiff's motive was to stay in state court, 4) the assignee had no interest in the litigation before the assignment and 5) the assignment was made shortly before the suit was filed.  <u>Id.</u>

The Court has considered the extensive and thorough briefing by the parties, the corresponding Diversity R&R and objections thereto, as well as the supplemental briefs and supporting documentation submitted by the parties following the limited jurisdictional discovery.  On the record before the Court, the

Court finds that the assignments were, in fact, collusively made principally to defeat removal.

It is undisputed that the assignments were made shortly before the suit was filed. The parties, however, vigorously contest whether the plaintiff's motive was to stay in state court and whether the assignments were partial rather than total. There is abundant evidence that, in fact, keeping the litigation in state court was the predominant reason and motivation for the assignments. Moreover, the financial arrangements suggest the remaining JMTR factors also weigh in defendants' favor. The Court will, therefore, disregard the assignments for the purpose of determining whether diversity jurisdiction exists.

### 2. Citizenship

Diversity jurisdiction "requires complete diversity between the plaintiffs and defendants in an action." Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008). A corporation is deemed to be a citizen of each state in which it is incorporated or has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of an unincorporated entity, such as a partnership or limited liability company, is determined by the citizenship of all of its members. Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006); see also Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 586 n.1 (2004) ("Although the Court has never ruled on the issue, Courts of

Appeals have held the citizenship of each member of an LLC counts for diversity purposes.").

Having set aside the assignments for the purpose of determining whether diversity jurisdiction exists, the Court must consider the citizenship of the true parties in interest, i.e. the assigning hedge funds.  CPIM has allegedly refused to produce information from which to determine the identity and citizenship of the members or partners of the hedge funds but it is undisputed that all of the assigning hedge funds are foreign entities for the purpose of determining diversity jurisdiction. On the face of the Complaint, the Court, therefore, has diversity jurisdiction because all of the hedge funds are foreign entities and the named defendants are all citizens of the various states or corporations incorporated or with principal places of business in the several states of the United States.

The defendants concede, however, that several of the defendants are, in fact, limited liability companies with foreign members.  The presence of foreign entities on both sides of the dispute precludes satisfaction of the complete diversity rule. See M&I Heat Transfer Prod., Ltd. v. Willke, 131 F. Supp. 2d 256, 260 (D. Mass. 2001) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580 n.2, 584 (1999)) (applying rule of complete diversity where at least one plaintiff and one defendant were foreign citizens).  The Court does not, therefore, have diversity

jurisdiction.  See Picciotto, 512 F.3d at 21 (noting failure to satisfy complete diversity rule deprives the district court of original diversity jurisdiction over entire action).

### 3. Fraudulent Misjoinder

Defendants attempt to circumvent the problem by urging the Court to apply "under relevant precedent" the doctrine of fraudulent misjoinder, also referred to as procedural misjoinder. Under that doctrine, the citizenship of a party may be disregarded where there is a "purposeful attempt" to defeat removal by joining claims that fail to satisfy the joinder standard.  See Palmer v. Davol, Inc., 2008 WL 5377991, *2 (D.R.I. Dec. 23, 2008) (explaining doctrine and its adoption by the Eleventh Circuit Court of Appeals in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot Inc., 204 F.3d 1069 (11th Cir. 2000)). In this case, defendants contend that the Court could divide the claims in the Complaint into 16 transactionally-unrelated groups, analyze diversity separately with respect to each group and find that diversity jurisdiction exists over only 14 of the 16 groups but retain the entire case after an equitable remand analysis.

The Court declines to apply the doctrine of fraudulent misjoinder.  The First Circuit Court of Appeals has not adopted or addressed the doctrine, and the only district courts within the First Circuit that have addressed the issue have declined to

apply it.  See Palmer, 2008 WL 5377991 at *2-4 (gathering cases discussing doctrine and declining to adopt it).  Although the Eleventh Circuit Court of Appeals has adopted it, "federal courts, however, have not given the doctrine a ringing endorsement."  Id. at *3.  The Court concurs with the sound reasons set forth by the District of Rhode Island against adoption and application of the doctrine:

> Without direction from the First Circuit, and in light of the rule of strict construction of the removal statute coupled with a significantly unsettled landscape surrounding application of the doctrine in federal courts, this Court declines to adopt a doctrine that will further complicate the question of removal and federal jurisdiction.

Id. at *4.

Because the citizenship of the parties fails to satisfy the complete diversity rule and the Court declines to apply the doctrine of fraudulent misjoinder, the Court concludes that it does not possess diversity jurisdiction over the parties in this case.

### B.  Federal Question Jurisdiction

Having considered the memoranda with respect to the Remand R&R and objections thereto, the Court accepts and adopts the Remand R&R.  Magistrate Judge Dein concluded that although the Court has jurisdiction on the grounds that the action is "related to" bankruptcy proceedings, it is nevertheless obligated to abstain in accordance with the mandatory abstention provision, 28 U.S.C. § 1334(c)(2).  Magistrate Judge Dein further concluded

that even if mandatory abstention does not apply, the Court should, nevertheless, remand the case pursuant to 28 U.S.C. § 1452(b) by exercising permissive abstention based on an equitable analysis.  The Court finds the defendants' objections unpersuasive and substantially accepts and adopts the reasoning of Magistrate Judge Dein.  The Court will, therefore, allow plaintiff's motion to remand.

**ORDER**

In accordance with the foregoing,

1)   defendants' objection to the Remand R&R (Docket No. 209) are **OVERRULED;**

2)   after considering defendants' objection thereto, the Remand R&R (Docket No. 203) is **ACCEPTED AND ADOPTED;** and

3)   plaintiff's motion to remand (Docket No. 133) is **ALLOWED.**


**So ordered.**

                        /s/ Nathaniel M. Gorton
                        Nathaniel M. Gorton
                        United States District Judge

Dated August 19, 2011